[842 NYS2d 402]

In the Matter of LAWRENCE B. NEWMAN (Admitted as LAWRENCE BRUCE NEWMAN), a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, September 20, 2007

## APPEARANCES OF COUNSEL

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee,* New York City (*Vitaly Lipansky* of counsel), for petitioner.

*Michael S. Ross* for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Lawrence Bruce Newman was admitted to the practice of law in the State of New York by the First Judicial Department on January 28, 1974. At all times relevant to this proceeding, he maintained an office for the practice of law within the First Judicial Department.

Previously, this Court suspended respondent from the practice of law based upon uncontested evidence of professional misconduct which threatened the public interest (*Matter of Newman,* 35 AD3d 23 [2006]).

The Disciplinary Committee now asks this Court to accept respondent's resignation from the practice of law and strike his name from the roll of attorneys, pursuant to 22 NYCRR 603.11. Respondent alleges in his affidavit of resignation, sworn to June 29, 2007, that his resignation is voluntary, free from coercion or duress, and he is fully aware of the implications of submitting his resignation. Furthermore, he specifically acknowledges that he cannot successfully defend himself on the merits against the Committee's charges which include: misappropriation of approximately $100,000 in escrow funds, in violation of Code of Professional Responsibility DR 9-102 (a) and DR 1-102 (a) (4) (22 NYCRR 1200.46, 1200.3); failure to account to the Committee for more than $1.3 million in disbursements from his escrow account, in violation of DR 1-102 (a) (7); commingling his personal funds with client funds on deposit in his escrow account, in violation of DR 9-102 (a); use of his escrow account as a personal account, in violation of DR 9-102 (b) (1); and failure to maintain a ledger or similar contemporaneous record of deposits into and disbursements out of his escrow account, in violation of DR 9-102 (d) (1) and (9). He also acknowledges that said misconduct adversely reflects on his fitness as a lawyer, in violation of DR 1-102 (a) (7). Respondent further states that he

consents to any application that may be made for an order directing that he make restitution and that he reimburse the Lawyers' Fund for Client Protection, that he has returned the above-mentioned misappropriated $100,000 to the parties entitled to receive the funds and there are no outstanding client complaints against him before the Committee resulting from the misconduct at issue. (As of July 2, 2007, the Lawyers' Fund for Client Protection had no pending claims or awards involving respondent.)

Consequently, pursuant to 22 NYCRR 603.11, the Committee's motion should be granted, respondent's resignation accepted and his name stricken from the roll of attorneys, effective nunc pro tunc to June 29, 2007.

SAXE, J.P., WILLIAMS, BUCKLEY, SWEENY and MALONE, JJ., concur.

Respondent's resignation accepted and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to June 29, 2007.